IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SAMUEL HARRIS,**

    Petitioner,

v.                                                   Civil Action No. **3:22CV684**

**TONYA CHAPMAN,**

    Respondent.

### MEMORANDUM OPINION

Samuel Harris, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4)[1] challenging the terms of his parole. Respondent moves to dismiss, *inter alia*, on the ground that Harris has failed to exhaust his state court remedies. For the reasons set forth below, the Motion to Dismiss (ECF No. 9) will be GRANTED.[2]

### I.    PROCEDURAL HISTORY AND CLAIMS

Harris is an inmate confined in the Virginia Department of Corrections ("VDOC") for crimes committed in 1990. (ECF No. 4, at 1.) Harris was sentenced to a sentence of 42 years and thirty days. (*Id.*) In his current § 2254 Petition, Harris raises the following grounds for relief:

Claim One:    "Equal protection and liberty interests." Virginia law "creates a protected liberty interest in the mandatory parole supervision release date of a prisoner six months before he is released." (*Id.* at 5.)

Claim Two:    "On April 15, 2014, I was released on mandatory parole supervision pursuant to 53.1. My discharge date was April 15, 2017. My parole officer, Ms. Karen Powell stated that I either sign the three-year supervision [agreement] or go back to prison

---

[1]    The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the quotations from Harris's submissions.

[2]    By Memorandum Opinion and Order entered on August 22, 2022, the Court denied a prior Motion to Dismiss filed by Respondent wherein he argued the action was barred by the relevant statute of limitations. (ECF Nos. 20, 21.)

|||
|---|---|
| | and finish the six months remaining on the sentence. I signed the contract under duress per minas." (*Id.* at 7.) |
| Claim Three: | "Due process . . . . My parole officer, Ms. Karen Powell and her supervisor, Ms. Simon Miranowicz, both agreed that my conditions conflicted with Title 53.1 Chapter 4, Code of Virginia, and did not have jurisdiction to proceed with supervision any further." (*Id.* at 8.) |
| Claim Four: | "To lawfully adjudicate and lengthen my parole supervision, the Virginia Parole Board first must have both subject matter jurisdiction and personal jurisdiction." (*Id.* at 10.) |

Harris indicates that he raised these claims in a "writ of mandamus" and a "rehearing en banc" in Case Number 210700 before the Supreme Court of Virginia. (*See id.* at 6–11.)

## II. ANALYSIS

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01–654(A)(1) (2014). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

Harris contends that he has exhausted his state remedies and cites to Supreme Court of Virginia record No. 210700. The record Harris cites to is a petition for a writ of mandamus he filed in the Supreme Court of Virginia where he attempted to obtain "all documents [and] contracts from the Virginia Parole Board, and the denial of a petition for rehearing. (ECF No. 4-1, at 14–15.) Harris has not met his burden to prove that his claims have been exhausted in accordance with the "state's chosen procedural scheme." *Mallory*, 27 F.3d at 994–95. Harris has not indicated that he raised his claims before the Supreme Court of Virginia either by a *direct appeal* or by a *petition for a writ of habeas corpus* or that he has received a ruling from that court on his claims. Harris's petition for writ of mandamus to obtain documents and the subsequent request for a rehearing are insufficient to establish that he has exhausted his claims in accordance with Virginia's chosen procedural scheme. Therefore, Harris has not exhausted his available state court remedies.

### III. CONCLUSION

Accordingly, the Motion to Dismiss, (ECF No. 9), will be GRANTED. The § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE because Harris has failed to demonstrate that he has exhausted available state remedies. Harris may file a § 2254 petition in this Court after he has exhausted his remedies in state court. The Motion for Release on Recognizance or Surety, (ECF No. 13), will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 9 August 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge